IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)　　Civil Action No. 09-1591
　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
NOVOROSSIYSK SHIPPING CO.,　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)
_____)

**CONSENT DECREE**

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 2 |
| III. | PARTIES BOUND | 2 |
| IV. | DEFINITIONS | 2 |
| V. | PAYMENT BY SETTLING DEFENDANT | 3 |
| VI. | STIPULATED PENALTIES | 5 |
| VII. | COVENANTS BY PLAINTIFF | 7 |
| VIII. | COVENANTS BY SETTLING DEFENDANT | 7 |
| IX. | EFFECT OF SETTLEMENT | 8 |
| X. | NOTICES AND SUBMISSIONS | 9 |
| XI. | ENTIRE AGREEMENT | 10 |
| XII. | EFFECTIVE DATE | 10 |
| XIII. | RETENTION OF JURISDICTION | 10 |
| XIV. | COSTS AND ATTORNEYS FEES | 11 |
| XV. | MODIFICATION | 11 |
| XVI. | SIGNATORIES/SERVICE | 11 |
| XVII. | FINAL JUDGMENT | 12 |

## I. BACKGROUND

A. The United States of America ("United States"), by the Attorney General, on behalf of the Secretary of the Department of the Interior, and the National Park Service, has filed a Complaint against the defendant, Novorossiysk Shipping Co. ("Settling Defendant") in this Court alleging that the Settling Defendant is liable under the Park System Resources Protection Act, 16 U.S.C. §§ 19jj to 19jj-4 ("PSRPA"), for damages and response costs.

B. On November 17, 1999, the freighter M/V Sergo Zakariadze, a vessel owned by the Settling Defendant, ran aground on a breakwater protecting the San Filipe del Morro fortifications, a part of the San Juan National Historic Site near San Juan Harbor in Puerto Rico (the "Incident").

C. As a result of the Incident, and its investigation thereof, the National Park Service ("Service"), part of the United States Department of the Interior ("DOI"), incurred response costs and suffered damages within the meaning of the PSRPA, 16 U.S.C. § 19jj (b) and (c).

D. Settling Defendant does not admit any liability to the Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

E. The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that implementation of this Consent Decree will expedite the restoration, replacement or acquisition of equivalent park system resource services and reimburse the Service for its response costs, that entry of the Consent Decree will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 16 U.S.C. § 19jj-2(a). This Court also has personal jurisdiction over the Settling Defendant. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendant waives all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree applies to and is binding upon the United States, on behalf of the United States Department of the Interior and its Bureau the National Park Service; and upon the Settling Defendant, including, without limitation, its successors and assigns. No change in the ownership or corporate status of the Settling Defendant, including, but not limited to, any transfer of assets or real or personal property, shall in any way alter the Settling Defendant's or its successor's and assign's rights or responsibilities under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree shall have the meanings ascribed to them in the PSRPA. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

 a. "Consent Decree" shall mean this Consent Decree.

 b. "Day" shall mean a calendar day unless expressly stated to be a working day. "Working Day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In

computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next Working Day.

 c. "DOI" shall mean the United States Department of the Interior and any successor departments or agencies of DOI.

 d. "Incident" shall mean the November 17, 1999 event when the M/V Sergo Zakariadze ran aground on a breakwater protecting the San Filipe del Morro fortifications in San Juan [Puerto Rico] National Historical Park.

 e. "Interest" shall mean interest as calculated in accordance with 28 U.S.C. § 1961.

 f. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper case letter.

 g. "Parties" shall mean the United States and the Settling Defendant.

 h. "Plaintiff" shall mean the United States.

 i. "PSRPA" shall mean the Park System Resources Protection Act, 16 U.S.C. §§ 19jj to 19jj-4.

 j. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

 k. "Settling Defendant" shall mean Novorossiysk Shipping Co. and its successors and assigns.

 l. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT BY SETTLING DEFENDANT

4. a. Within thirty (30) days of the entry of this Consent Decree, Settling Defendant shall

pay to DOI the sum of $650,000.00 for response costs and damages, plus an additional sum for Interest, calculated commencing on the date of filing of this Consent Decree and running through the date of payment of the amount specified in this Paragraph 4.a.

b. Payment of the amount set forth in Paragraph 4.a. shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-5-1-1-07934 and the title and civil action number of this case. Payment shall be made in accordance with instructions provided to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Puerto Rico, following filing of this Consent Decree with the Court. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day. Settling Defendant shall send notice that such payment has been made to the persons listed in Section X (Notices and Submissions) of this Consent Decree for notice to the United States. The notice shall reference DOJ Case Number 90-5-1-1-07934 and the title and civil action number of this case.

5. The total amount to be paid by Settling Defendant pursuant to Paragraph 4.a. shall be deposited by the U.S. Department of Justice in DOI's Natural Resource Damage Assessment and Restoration Fund, to be applied toward response and damage assessment costs incurred by the United States, and/or to be managed by DOI for natural resource restoration projects addressing damages related to the Incident.

6. a. In addition to the Interest due pursuant to Paragraph 4.a., Settling Defendant shall pay additional Interest on the amount due pursuant to that Paragraph calculated as follows:

i. if the Settling Defendant executes and returns this Consent Decree to the

United States on or before May 4, 2009, no additional Interest shall accrue;

      ii. if the Settling Defendant executes and returns this Consent Decree to the United States after May 4, 2009, additional Interest shall be paid calculated from May 4, 2009 until the date of filing of this Consent Decree.

  b. The Settling Defendant shall make any payment required by this Paragraph 6 in the same manner as set forth in Paragraph 4.b.

7. Payments of Interest made under Paragraphs 4 and 6 shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to make timely payments under this Consent Decree.

## VI. STIPULATED PENALTIES

8. Settling Defendant shall pay a stipulated penalty to the United States for failure to comply with this Consent Decree, including failure to make the payments in Paragraphs 4 and 6, at the rate of one thousand dollars ($1,000) per day, per violation, for each day of non-compliance.

9. Stipulated penalty payments to the United States shall be paid in the manner instructed by the United States. Any stipulated penalty payments shall be accompanied by a reference to this Consent Decree, and be identified as "Stipulated Penalties." Notice of payment of a stipulated penalty shall be made to the United States in the manner specified in Section X (Notices and Submissions).

10. a. Stipulated penalties shall begin to accrue on the day after a violation of the Consent Decree and shall continue to accrue until payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

b. Following a determination by the United States that Settling Defendant has failed to comply with a requirement of this Consent Decree, the United States may give Settling Defendant written notification of the same, describe the noncompliance, and make a demand for the payment of the penalties. Penalties shall accrue as provided in Paragraph 10.a. regardless of whether the Settling Defendant has been notified of a violation. Settling Defendant shall pay stipulated penalties within thirty (30) days of receipt of written demand for such penalties.

c. Settling Defendant shall pay Interest on the unpaid balance of any stipulated penalties due, which shall begin to accrue on the date of demand made pursuant to Paragraph 10.b.

d. If Settling Defendant fails to pay stipulated penalties when due, the United States may institute proceedings to collect the penalties, as well as Interest on the unpaid balance due.

e. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

11. Settling Defendant shall be liable for attorney's fees and costs incurred by the United States associated with the collection of Stipulated Penalties or any other amounts due under this Consent Decree.

12. If Settling Defendant fails to timely make any payment under this Consent Decree, or to take any action specified in this Consent Decree, this Consent Decree shall be considered an enforceable judgment against Settling Defendant for purposes of post-judgment collection under Rule 69 of the Federal Rules of Civil Procedure and other applicable statutory authority, without further order of this Court.

13. Nothing contained in this Consent Decree shall be construed to prevent or limit the

rights of the United States to seek or obtain any other remedy, sanction or relief that may be available by virtue of Settling Defendant's failure to comply with this Consent Decree, the PSRPA, or any other applicable law or regulation.

## VII. COVENANTS BY PLAINTIFF

14. In consideration of the payments provided by Settling Defendant in accordance with this Consent Decree, and except as provided in the following Paragraph 15, the United States covenants not to sue or to take any other civil or administrative action against Settling Defendant under the PSRPA to recover response costs or damages arising from the Incident. This covenant not to sue is not effective until, and is conditioned upon, complete and satisfactory performance by the Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

15. Plaintiff reserves, and this Consent Decree is without prejudice to, all rights of the United States against Settling Defendant with respect to all matters other than those expressly specified in the preceding Paragraph.

## VIII. COVENANTS BY SETTLING DEFENDANT

16. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, including all departments, agencies, administrations, employees, or agents thereof, related to the Incident, the Complaint, or this Consent Decree, including, but not limited to:

　　a. any direct or indirect claim for reimbursement of the amounts paid to the United States pursuant to this Consent Decree;

　　b. any claims for costs, fees or expenses, including attorneys fees, incurred in connection

with this action, including, but not limited to, claims under 28 U.S.C. § 2412 (including, but not limited to, claims under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412(d));

   c. any claims under the Constitution of the United States;

   d. any claims for contribution, cost recovery, or equitable share relating to the Incident.

## IX. EFFECT OF SETTLEMENT

17. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Each of the Parties expressly reserves any and all rights, defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Incident against any person not a Party hereto.

18. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Incident, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, the entire controversy doctrine, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section VII (Covenants by Plaintiff).

19. a. This Consent Decree shall not relieve Settling Defendant from its obligation to comply with any federal or state law, regulation, order, or permit.

b. Notwithstanding any provision of this Consent Decree, the United States hereby retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under any applicable statutes or regulations.

c. Notwithstanding any provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law to protect human health, public welfare, and/or the environment.

20. This Consent Decree shall not constitute evidence in any proceeding, except in a proceeding to enforce the provisions of this Consent Decree or in any proceeding regarding the meaning of a provision of the Consent Decree.

## X. NOTICES AND SUBMISSIONS

21. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be sent to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Notices or correspondence shall refer to DJ No. 90-5-1-1-07934 and the title and civil action number of this case. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Unless otherwise specified in this Consent Decree, written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States and the Settling Defendant.

As to the United States:

>Chief, Environmental Enforcement Section
>Environment and Natural Resources Division
>U.S. Department of Justice
>P.O. Box 7611

Ben Franklin Station
Washington, D.C. 20044
Re: DJ # 90-5-1-1-07934

Harriet M. Deal
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Southeast Regional Office
Richard B. Russell Federal Building
75 Spring Street., S.W., Room 304
Atlanta, GA 30303

As to the Settling Defendant:

William L. Juska, Jr.
Freehill, Hogan & Mahar LLP
80 Pine Street
New York, N.Y. 10005-1759

## XI. ENTIRE AGREEMENT

22. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

## XII. EFFECTIVE DATE

23. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## XIII. RETENTION OF JURISDICTION

24. This Court retains jurisdiction over the subject matter of this Consent Decree, the

United States, and the Settling Defendant for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

25. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

### XIV. COSTS AND ATTORNEYS FEES

26. If the United States brings an action to collect any payment or enforce any obligation required by this Consent Decree, and if the United States prevails in such action, Settling Defendant shall reimburse the United States for all costs of such action, including, but not limited to, attorneys' fees.

### XV. MODIFICATION

27. Non-material modifications to the Consent Decree may be made only by written notification to and written approval of the United States and the Settling Defendant. Such modifications will become effective upon filing with the Court by the United States. Material modifications to the Consent Decree may be made only by written notification to and written approval of the United States, Settling Defendant, and the Court.

28. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

### XVI. SIGNATORIES/SERVICE

29. The undersigned representative of the Settling Defendant and the Assistant Attorney

-12-

General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

30. Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to the filing of the Complaint. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

XVII. FINAL JUDGMENT

31. Upon approval and entry by the Court, this Consent Decree shall constitute a final judgment pursuant to Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 3rd DAY OF AUGUST, 2009



_____
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Novorossiysk Shipping Co.</u>, relating to San Juan National Historical Park.

FOR THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

PETER K. KAUTSKY
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 514-3907

ROSA E. RODRIGUEZ-VELEZ
United States Attorney

ISABEL MUNOZ ACOSTA, USDC-PR 128302
Assistant United States Attorney
District of Puerto Rico
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
(787) 766-5656

-14-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Novorossiysk Shipping Co.</u>, relating to San Juan National Historical Park.

FOR NOVOROSSIYSK SHIPPING CO.

Date: April 10, 2009

_____
WILLIAM L. JUSKA
As Attorney for Novorossiysk Shipping Co.
Freehill, Hogan & Mahar LLP
80 Pine Street
New York, N.Y. 10005-1759
(212) 425-1900

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:       William L. Juska
Title:      Attorney-in-Fact
Address:    Freehill, Hogan & Mahar LLP
            80 Pine Street
            New York, N.Y. 10005-1759
Tel. Number: (212) 425-1900